EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY EUGENE MCKEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1057 CAS |
| | ) | |
| EUGENE STUBBLEFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Tracy McKee (registration no. 29984), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted a letter and a series of canteen statements [Doc. 6], which indicate that he has an average monthly balance of $16.66; these statements do not indicate an average monthly deposit. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.33, which is 20 percent of plaintiff's average monthly balance. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Eugene Stubblefield, Warden of the St. Louis City Justice Center (SLCJC), is the only named defendant.

Plaintiff alleges that SLCJC does not provide inmates with the basic rules and procedures of the institution. Plaintiff further alleges that it does not provide inmates with staff names and positions. Plaintiff also alleges that the institution lacks a formal grievance system.

Plaintiff asserts that he has been denied access to the law library. Plaintiff says that prisoners are only allowed access to the library if they are authorized to proceed pro se in a criminal case or if they have a pending civil action. Plaintiff claims that the lack of access "increased the possibility that my Habeas Corpus claims may suffer from insufficient information and non support of laws and merits."

Finally, plaintiff claims that he is forced to share a single roll of toilet paper with three other detainees every week.

**Discussion**

Plaintiff's claims that inmates are not provided with rule books or the names and positions of prison staff do not rise to the level of a constitutional violation.

"In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). As a result, plaintiff's claim regarding the lack of a grievance system fails to state a claim upon which relief can be granted.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not indicated that he has suffered an actual, concrete

injury to any of his cases as a result of being denied access to the law library. As a result, plaintiff's First Amendment claim fails to state a claim upon which relief can be granted.

Although plaintiff has indicated that he has had to share toilet paper with other inmates, he has not alleged that he has been denied toilet paper or any other basic hygiene items. As a result, this claim is legally frivolous.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). With the exception of his claim regarding the lack of a grievance system, plaintiff has not set forth any facts indicating that defendant was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for review of this action under 28 U.S.C. § 1915(e) is **DENIED** as moot. [Doc. 7]

An Order of Dismissal will accompany this Memorandum and Order.

                                     _____
                                     **CHARLES A. SHAW**
                                     **UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of July, 2011.